IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vernice L. James,<br><br>    Plaintiff,<br>   v.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br><br>    Defendant. | C/A. No. 3:18-cv-535-CMC<br><br>**Opinion and Order** |

Through this action, Plaintiff Vernice L. James ("Plaintiff") seeks recovery from her employer, Andrew Saul, Commissioner of Social Security Administration ("SSA"), for alleged employment discrimination based on her race and age. ECF. No. 1. The matter is before the court on Defendant's Motion for Discovery Sanctions, filed April 30, 2019. ECF No. 57. Plaintiff did not file a response to this motion.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On August 2, 2019, the Magistrate Judge issued a Report recommending that Defendant's motion for sanctions be granted, and the case be dismissed with prejudice. ECF No. 65. It also recommends denying Plaintiff's motion for judgment on the pleadings and Defendant's motion for summary judgment. *Id.* at 6. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed two documents

---

[1] Also pending before the court are Plaintiff's Motion for Judgment on the Pleadings (ECF No. 55) and Defendant's Motion for Summary Judgment (ECF No. 59).

containing objections (ECF Nos. 68, 70), and Defendant filed a reply on August 6, 2019 (ECF No. 71). This matter is now ripe for resolution.

## I. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

The Report recommends dismissal with prejudice as a discovery sanction pursuant to a four-prong test set forth by the Fourth Circuit. ECF No. 65 at 4. It finds no other type of sanction appropriate, and that Plaintiff was warned her failure to cooperate in discovery would result in a recommendation of dismissal. *Id.* at 5.

Plaintiff objects, noting the first deposition was scheduled for February 8, 2019, but she did not receive the notice until February 13. ECF No. 70 at 1.[2] Plaintiff argues Defendant has "constantly pressured Plaintiff to accomplish said requests [for production] with no regard to Plaintiff's pro se status which, at best, would require Plaintiff to expend an extended amount of time and effort to adequately mount an earnest effort to answer Defendant's requests." *Id.* at 1-2. She complains she did not have any supporting documents to use as a guide to respond to discovery requests, and as a full-time employee with SSA did not have time to complete the requests. She noted "I was expected to respond to a case that initiated on or about 2013." *Id.* at 2. She requests her Motion for Judgment on the Pleadings "be acted upon as submitted." *Id.* at 3.

Defendant replied to Plaintiff's objections, noting the objections were late and therefore should not be considered.[3] ECF No. 71. Defendant also argues the objections lack merit, as they relate to an EEOC case and not the case before this court. *Id.* at 3. The reply notes "[i]t is Plaintiff's responsibility to prosecute this case. Defendant has attempted to engage in discovery with Plaintiff to no avail." *Id.*

The court agrees Plaintiff has failed to participate in discovery and to follow an Order of the court (ECF No. 44) to respond to written discovery and to attend her deposition. Plaintiff was warned continued failure would subject her case to dismissal, yet has not responded to written discovery, and there is no evidence of an attempt to confer with Defendant regarding a potential extension for discovery requests or available date for her deposition. Plaintiff notes she is *pro se*,

---

[2] Plaintiff's two documents of objections are essentially identical, except a paragraph regarding attending a deposition was taken out. This deposition was in an EEOC case, and Plaintiff apparently realized it had no bearing on the case before this court.

[3] Despite Plaintiff's objections being filed slightly after the deadline, the court will consider them.

3

and therefore does not have time or knowledge required to respond to the discovery requests. The court agrees *pro se* litigants may be granted some flexibility in strictly following the Rules of Civil Procedure or other court rules. However, they may not simply fail to engage in discovery with the opposing party. Plaintiff chose to bring this case, and therefore must participate in the litigation process, including discovery. This she has failed to do, despite numerous attempts by Defendant and warnings from this court.

The court further agrees with the Report's analysis of the four-factor test for dismissal pursuant to Fed. R. Civ. P. 41(b). *See Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (To determine whether dismissal under Rule 41(b) is appropriate, the court considers "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal."). Plaintiff has a responsibility to participate in discovery, yet has failed to do so despite Defendant's myriad attempts to serve her at different addresses and contact her about written discovery. Defendant is prejudiced by this failure, as it cannot defend its case without discovery from Plaintiff. Although she complains she has a full-time job and does not have the time to devote to a case "that initiated on or about 2013," Plaintiff brought this case and must participate. The court agrees with the Report a less-drastic sanction is not appropriate. Plaintiff is proceeding *in forma pauperis*, so monetary sanctions are inappropriate, and she was specifically warned of the consequences of her continued failure to participate in discovery.

## III. Conclusion

After conducting a *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and Defendant's reply, the court

4

agrees with the Report's recommendation the case be dismissed with prejudice as a discovery sanction. Accordingly, the court adopts the Report by reference in this Order. For the reasons stated herein and in the Report, this matter is dismissed with prejudice. Defendant's motion for award of fees and costs is denied due to Plaintiff's *in forma pauperis* status. Plaintiff's Motion for Judgment on the Pleadings is denied,[4] and Defendant's motion for summary judgment is moot.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
August 9, 2019

---

[4] This one sentence motion reads, in its entirety, "Plaintiff hereby moves for Motion for an On the Record Decision based on the evidence in the file." ECF No. 54. There were no attached documents or other information or evidence regarding the case.